```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   MARY LOUISE PERLMAN,                                     :
                                    Plaintiff,              :
                                                            :      22 Civ. 7898 (LGS)
                    -against-                               :
                                                            :              ORDER
   ALFA DEVELOPMENT MANAGEMENT LLC,                         :
   et al.,                                                  :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 15, 2022, Plaintiff filed her Complaint with FLSA, state law and common law claims;

WHEREAS, by Order dated November 15, 2022, the Court noted that it had been informed that the parties had reached a settlement in principle and ordered the parties to submit: *(i)* the settlement agreement to the Court; and *(ii)* a joint letter with supporting evidence addressing the findings this Court must make in order to approve the settlement of the FLSA claim as fair and reasonable.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (outlining factors district courts have used to determine whether a proposed settlement is fair and reasonable);

WHEREAS, by email dated December 6, 2022, the parties submitted the settlement agreement and a joint letter, stating that the "confidentiality agreement restricts the parties from discussing the provisions with parties who do not need-to-know."  It is hereby

**ORDERED** that the parties' request to approve the sealed settlement agreement is **DENIED**.  *See Thallapaka v. Sheridan Hotel Assocs. LLC*, No. 15 Civ. 1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) ("[T]he overwhelming majority of courts reject the proposition that FLSA settlement agreements can be confidential.").  Pursuant to Individual Rule I.D.5, the

Court will not retain jurisdiction to enforce confidential settlement agreements. If the parties wish that the Court approve any settlement agreement, the parties shall place the terms of the agreement on the public record. It is further

**ORDERED** that the parties may bifurcate the settlement agreement as follows. To the extent the parties wish to settle Plaintiff's FLSA claims, they shall publicly file the settlement agreement and supporting documentation required by the Court's Order dated November 15, 2022. To the extent the parties wish to settle Plaintiff's non-FLSA claims, the parties may dismiss such claims without court approval and without the retention of court jurisdiction. *See Feliz v. Parkoff Operating Corp.*, No. 17 Civ. 7627, 2018 WL 1581991, at *3 (S.D.N.Y. Mar. 27, 2018); *Abrar v. 7-Eleven, Inc.*, No. 14 Civ. 6315, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) (approving a settlement structure in which the parties publicly filed a settlement agreement with respect to the FLSA claim and executed a separate settlement agreement of the plaintiff's non-FLSA claims, "which would remain confidential and would not require the Court's approval under *Cheeks*"). In assessing the reasonableness of the settlement, the Court will take into account the existence of such non-FLSA claims. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 607 n.12 (2d Cir. 2020); *Doe v. Solera Cap. LLC*, No. 18 Civ. 1769, 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). It is further

**ORDERED** that the parties shall file the settlement agreement with respect to Plaintiff's FLSA claim and supporting documentation no later than **January 5, 2023**. The parties are reminded, if counsel is seeking attorneys' fees and expenses, to include a detailed breakdown of counsel's time spent and expenses incurred, and that any release provision must be expressly tailored to the claims at issue in the action.

Dated: December 7, 2022
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE