UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARY LOUISE PERLMAN,
                            Plaintiff,

           -against-

ALFA DEVELOPMENT MANAGEMENT LLC,
et al.,
                          Defendants.
------------------------------------------------------------X

22 Civ. 7898 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on September 15, 2022, Plaintiff filed her Complaint with FLSA, state law and common law claims;

    WHEREAS, by email dated December 6, 2022, the parties submitted their settlement agreement and joint letter seeking approval of the agreement, and requested that the agreement not be filed and made part of the public record;

    WHEREAS, on December 7, 2022, approval of the sealed settlement agreement was denied.  The parties were advised that, to the extent they wished to settle Plaintiff's FLSA claim, they would need to file the settlement agreement and supporting documentation on the public record.  The parties were further advised that, to the extent the parties wished to settle Plaintiff's non-FLSA claims, the parties could dismiss such claims without court approval and without retention of the Court's jurisdiction.  *See Feliz v. Parkoff Operating Corp.*, No. 17 Civ. 7627, 2018 WL 1581991, at *3 (S.D.N.Y. Mar. 27, 2018); *Abrar v. 7-Eleven, Inc.*, No. 14 Civ. 6315, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) (approving a settlement structure in which the parties publicly filed a settlement agreement with respect to the FLSA claim and executed a separate settlement agreement of the plaintiff's non-FLSA claims, "which would remain confidential and would not require the Court's approval under *Cheeks*").

WHEREAS, on January 12, 2023, the parties filed the settlement agreement that resolves Plaintiff's FLSA claim and a letter explaining why the Court should approve the settlement as fair and reasonable.  The parties state that they are resolving all non-FLSA claims through a confidential settlement and will not seek court approval on those claims.  It is hereby

**ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable).  The parties' dispute concerns an executive-level compensation arrangement that applies to no other employees of Defendants, and Plaintiff asserts no minimum wage or overtime claims under the FLSA.  It is further

**ORDERED** that Plaintiff's counsel's request for $4,000.00 in attorneys' fees and expenses, or one-third of the $12,000 settlement amount, is **APPROVED**.  The Court finds this amount to be fair and reasonable in light of the quality of counsel, risks of litigation and the litigation's magnitude and complexity.  The remainder of the settlement shall be distributed to Plaintiff.

The Clerk of Court is respectfully directed to close the case.

Dated: January 20, 2023
      New York, New York

                                                      LORNA G. SCHOFIELD
                                                    UNITED STATES DISTRICT JUDGE